UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KANONIE NELSON HALL, | ) | CASE NO. 1:11CV254 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| EUCLID POLICE DEPARTMENT, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Kanonie Nelson Hall filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the Euclid Police Department, 696 Kids, Glenville Neighborhood Services, Euclid Collaborative, A.C.L.U., Euclid Building Department, Juvenile Court, CMHA, Donley Construction, Marous Brothers, Senator Sherrod Brown, Child Support Agency, Cleveland Police Department and Brittany Henry, HHS. Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2).

The file consists of a one-page handwritten Complaint, preceded by what appears to be a cover letter, along with 107 pages of Exhibits.[1] Although the Complaint is difficult to read, it appears to state in full:

---

[1] The exhibits consist of an array of seemingly unrelated materials, including a resume; various e-mails, letters, and memos; certificates of achievement; previously filed state and federal lawsuits; applications for executive clemency; and photocopies of web pages.

1

> I love my American people. I have been done wrong. I want no trouble. This is a great country and city. Just give me back what was taken and what was never given. Plaintiff seeks [illegible] asap.

(Doc. No. 1, p. 2.)

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Clearly, this Complaint fails to meet the requirements of Rule 8, even under the liberal standards afforded *pro se* pleadings. There is no statement of plaintiff's claim or claims against each of the named defendants and nothing to explain how the various exhibits attached to the Complaint are even relevant or might support a legitimate claim.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 3, 2011

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**